IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TYESHA NATALIE ISOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO.  4:21-CV-233-SDJ-KPJ |
| | § | |
| RODEWAY INN, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. *See* Dkt. 3. As set forth below, the Court finds Plaintiff Tyesha Natalie Isom's ("Plaintiff") claims against Defendant Rodeway Inn ("Defendant") should be **DISMISSED** without prejudice for want of prosecution.

On April 5, 2021, the Court granted Plaintiff leave to proceed *in forma pauperis*. *See* Dkt. 4. In so doing, the Court ordered Plaintiff to prepare service of process on Defendant and directed the United States Marshal to serve process upon Defendant. *Id*. For the summons, Plaintiff provided the following address:

> Rodeway Inn Corporate Office Headquarters
> Choice Hotels International, Inc.
> 10750 Columbia Pike
> Silver Spring, MD 20901

*See* Dkt. 5. The United States Marshal attempted service at this address, but was unsuccessful because the address was not a valid address for Defendant. *See* Dkt. 6.

Therefore, on December 6, 2021, the Court entered an Order (Dkt. 7) directing Plaintiff to contact the Clerk's Office with information as to where process could be properly served on Defendant. *See* Dkt. 7. The Order gave Plaintiff a time period of fourteen (14) days to contact the

1

Clerk's Office with this information, and advised Plaintiff that if she failed to comply with the Order, the Court would recommend the case be dismissed without prejudice for failure to prosecute. *Id.* at 1–2. Finally, the Order stated that no further action was necessary if dismissal was satisfactory to Plaintiff. *Id.* at 2.

Since the December 6, 2021 Order, Plaintiff has not contacted the Clerk's Office or otherwise taken any action in this matter. It is, therefore, recommended that Plaintiff's claims against Defendant be **DISMISSED** without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 22nd day of June, 2022.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE